IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH DOOLEY, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-3542-L-BK |
| | § | |
| CHUCK SLOPER, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. The Court granted Plaintiff Keith Dooley's motion to proceed *in forma pauperis*, pending judicial screening. Doc. 7. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.

## I. BACKGROUND

On December 29, 2025, Dooley filed his *Complaint* alleging employment discrimination. Doc. 3. He later filed *Answers to Magistrate Judge's Questionnaire*, alleging employment discrimination based on race under Title VII and enclosing a *Dismissal and Notice of Rights* letter from the Equal Employment Opportunity Commission (EEOC) dated September 14, 2025. Doc. 11 at 1; Doc. 11 at 17. In his *Answers to Magistrate Judge's Second Questionnaire*, Dooley states that he received the right to sue letter by e-mail on September 14, 2025. Doc. 14 at 1.

## II.  ANALYSIS

Because Dooley is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides in part for the *sua sponte* dismissal of a complaint if the Court finds that it fails to state a claim upon which relief may be granted.  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most deferential view, however, Dooley Title VII claims are time barred.

"A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue-letter from the EEOC."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing 42 U.S.C. § 2000e–5(f)(1)).  The "ninety-day limitation period is strictly construed" and is analogous to a statute of limitations.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n. 1 and 1250 (5th Cir. 1985) ("[T]he ninety-day requirement is akin to a statute of limitations.").  Thus, any action that does not meet this requirement should be dismissed.  *Taylor*, 296 F.3d at 379. The EEOC's right-to-sue letter to Dooley is dated September 14, 2025, and Dooley concedes the letter was sent to him by email and that he received it that day.  Doc. 11 at 17; Doc. 14 at 1.  *See Smith v. Texas Children's Hospital*, No. 24-20389, 2025 WL 1325303 (5th Cir. 2025) (noting in dicta that "EEOC's email [which] provided . . . 'informal notice of the right to use' . . . would

support a finding that the EEOC gave notice of [plaintiff]'s right to sue on [the day he received the email]."

Based on a receipt date of September 14, 2025, Dooley was required to file this suit by Saturday, December 13, 2025 (extended to Monday, December 15, 2025).  *See* FED. R. CIV. P. 6(a).  Still, Dooley's Complaint was filed on December 29, 2025—14 days beyond the 90-day deadline.

Moreover, Dooley has not pleaded any basis for equitable tolling and his contentions, even when liberally construed, are unsupported and conclusory.  *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (recognizing three potential bases for equitably tolling the 90-day limitations period:  (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights).  In response to the second questionnaire, Dooley states that he ostensibly thought the El Paso EEOC was doing a re-examination of his case.  Doc. 14 at 1.  He thus maintains that (1) he did not know that the EEOC had dismissed his charge and (2) no one at the EEOC responded to his voicemails and emails seeking help.  Doc. 14 at 1.  Dooley also asserts that he was unsuccessful in finding an attorney to file this action.  Doc. 14 at 2.  However, Dooley provides nothing to support his claims.  *See Lee v. Columbia/HCA*, 611 Fed. App'x 810, 812 (5th Cir. 2015) (affirming the denial of equitable tolling where *pro se* litigant's failure to file within the 90-day period was the result of her failure to read the right-to-sue letter carefully before she gave it to her lawyer).

3

Accordingly, Dooley Title VII claims are time barred and should be dismissed for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (dismissing time-barred claims for failure to state a claim); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by … limitations, those claims are properly dismissed pursuant to [§ 1915(e)].").

**III. LEAVE TO AMEND**

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded [her] 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein Dooley's claims are fatally infirm. In addition, the Court twice gave Dooley a chance to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Doc. 11; Doc. 14. Under these circumstances, he has already pleaded his best case and granting leave to amend would be futile and cause needless delay.

**IV. CONCLUSION**

For all these reasons, this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on April 14, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

5