IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEITH DOOLEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-3542-L-BK** |
| | § | |
| **CHUCK SLOPER; PRESTIGE** | § | |
| **SOLUTIONS INC.; and WALTER** | § | |
| **CHUCK SLOPER,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On April 24, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) was entered, recommending that the court, pursuant to under 28 U.S.C. § 1915(e)(2)(B), dismiss with prejudice this action and pro se Plaintiff Keith Dooley's ("Plaintiff") claim for employment discrimination based on race under Title VII of the Civil Rights Act against Defendants Chuck Sloper, Prestige Solutions Inc., and Walter Chuck Sloper for failure to state a claim upon which relief can be granted.  In support of this recommendation, the magistrate judge determined that Plaintiff's Title VII claim is time-barred, and Plaintiff has not alleged any basis for equitable tolling. The magistrate judge further recommends that the court not allow Plaintiff to further amend his pleadings, as he was previously given the opportunity twice to do so and explain the bases for his claim.  The magistrate judge, therefore, determined that Plaintiff has pleaded his "best case" such that further amendment would be futile and cause needless delay.

On April 22, 2026, Plaintiff objected to the Report. Plaintiff does not dispute that he did not timely file this lawsuit after receiving a Notice of Right to Sue letter from the Equal

Order – Page 1

Employment Opportunity Commission ("EEOC"). He nevertheless asserts that, despite his diligence, there were delays in connection with the EEOC resolving his request for reconsideration, and he also experienced delays in receiving information sought via a Freedom of Information Act request or FOIA request.  In addition, Plaintiff contends that his 14-day delay in filing suit is minimal. Plaintiff further asserts that dismissal with prejudice is inappropriate and, at a minimum, he "should be permitted to proceed or to further develop the factual record regarding equitable tolling." Doc. 16 at 3.

Plaintiff's reasons for failing to timely file this lawsuit do not fall within any of the three tolling categories recognized by the Fifth Circuit. *See* Doc. 15 at 3 (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (recognizing three potential bases for equitably tolling the 90-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights). Moreover, Plaintiff does not cite any legal authority that would allow the court to disregard the statutory deadline for filing suit simply because the delay in Plaintiff's view was minimal. The court, therefore, **overrules** Plaintiff's objections.

The court liberally construes Plaintiff's request to proceed with this action and further develop the factual record regarding equitable tolling as a request to again amend his pleadings, and it **denies** the request for the reasons that follow. Rule 15(a)[*] provides that leave

---

[*] The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Order – Page 2

to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)).  Granting leave to amend, however, is not necessary when a plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768).  Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

Plaintiff failed to file this lawsuit within the time required, and he has not identified any recognized basis for equitable tolling. Thus, the magistrate judge correctly determined Plaintiff's time-barred discrimination claim cannot be saved by equitable tolling. Likewise, the court determines that any further attempt at amendment by Plaintiff to develop the facts supporting his stated bases for equitable tolling would be futile because the delays identified him—those that occurred in connection with the EEOC's consideration of his request for reconsideration and delays experienced by Plaintiff in receiving information in response to his FOIA request—are not valid grounds for equitable tolling. Accordingly, allowing Plaintiff to further amend his pleadings for this purpose would be futile and unnecessarily delay the resolution of this case.

Having considered the pleadings (including Plaintiff's responses to the magistrate judge's questionnaires), file, the record in this case, and Report, and having conducted a do novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  The court, therefore, **dismisses with prejudice** as time-barred Plaintiff's Title VII discrimination claim

**Order – Page 3**

and this action against all Defendants. As no claims remain, the court will issue judgment by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 22nd day of May, 2026.

Sam A. Lindsay
United States District Judge